**FOWLER et al. v. KAVANAGH,**
Collector of Internal Revenue,
et al.

No. 4029.

District Court, E. D. Michigan, S. D.

May 19, 1944.

Leonard F. Donaldson, of Detroit, Mich., for complainants.

Arnold W. Lungerhausen, Asst. U. S. Atty., of Detroit, Mich., for respondents.

PICARD, District Judge.

Complainants are duly licensed chiropodists under the laws of the State of Michigan who applied to the Collector of Internal Revenue of the United States for the District of Michigan for registration and a permit to dispense narcotic drugs, tendering payment of the federal tax therefor. The Collector of Internal Revenue declined to either receive the money, allow the registration, or issue the permit on the ground that the Attorney General for the State of Michigan had ruled that a practitioner of chiropody is not a "physician" within the meaning of Section 7 of Act 343 of the Public Acts of 1937, as amended, being the Michigan Uniform Narcotic Drug Act, entitling him to prescribe drugs and narcotics. Thereupon complainants filed this equity suit for injunctive relief chiefly to compel defendant Oyler to recommend for approval to the Collector of Internal Revenue that he re-register the complainants under Section 1 of the U. S. Harrison Narcotic Act, 26 U.S.C.A. Int.Rev.Code, § 3220 et seq., and that defendant Kavanagh comply with said request.

The respondents admitted substantially all of the allegations of fact but denied that complainants were entitled to be registered and to be issued a permit to dispense narcotics or other drugs unless and until they had been registered and licensed under the Michigan Uniform Narcotic Act.

The Attorney General for the State of Michigan filed a brief—amicus curiae—citing the opinion theretofore rendered to the effect that complainants were not qualified as "physicians" under the State Act, and

therefore not entitled to a renewal of their licenses.

There are no decisions by the Michigan courts on the issue involved.

Respondents take the position that they will grant or withhold a permit to complainants according to whether or not the highest legal advisor of the state finds that complainants are permitted to dispense narcotics under the state law. There has been no ruling on the question insofar as chiropodists are concerned by the courts of the State of Michigan, but the predecessor of the present Attorney General held that the law would permit complainants to dispense such drugs and accordingly these applicants were granted a permit by respondents heretofore and only refused renewals for the current year because of the ruling of the present Attorney General.

The Michigan Chiropody Act, Sec. 2, Comp.Laws Supp.1940, § 6794, provides in part as follows: "Certificate of qualification or license shall not authorize chiropodists to amputate the human foot or toes, or to use or administer anesthetics other than local." There is no limitation on the use of drugs set forth any place in the State Act.

The training in complainants' profession has changed to a marked degree since the establishment of the Chiropody Act, which, by amendment, has been changed to provide for advanced educational qualifications and standards, and the licensees regulated by a Board of Registration in chiropody. The educational requirements provide for study and examination in the following subjects: anatomy, histology, physiology, chemistry, bacteriology, pathology, diagnosis and treatment, surgery, hygiene, materia medica, therapeutics, dermatology, etc.

The Chiropody Act aforementioned provides for the administration of local anesthetics. "Local anesthetics" have been defined as follows: "Local anesthetics are anesthetics that when locally applied produce an absence of sensation in the organ or tissue treated. Narcotics, including cocaine, other derivatives of coca leaves, and similar compounds when properly applied produce such an effect, and are used as local anesthetics". Op. Atty. Gen. of Ill., Aug. 11, 1943.

The Michigan Uniform Narcotic Act provides that sales of drugs shall be limited within the state to "a physician, dentist, or veterinarian, etc.", section 5, and "physi-

cian" has been defined in the statute as follows: " 'Physician' means a licensed practitioner of medicine or osteopathy as defined by law in this state and any other person authorized by law to treat sick and injured human beings in this state and to use narcotic drugs in connection with such treatment." Section 1.

Under the definition of "physician" in the foregoing statute, it is obvious that chiropodists are not excluded but come within the scope thereof, since it is provided that "any other person"—meaning other than physicians, dentists, veterinarians, etc., "authorized by law to treat sick and injured human beings in this state and to use narcotic drugs in connection with such treatment", shall be entitled to license under the Michigan Act.

The Michigan statute is similar to the Uniform Narcotic Acts adopted by various other states, and it has been held by the Attorney Generals in these states that members of complainants' profession come within the purview of and are licensed under the Uniform State Acts of Iowa, Indiana, Ohio, Illinois, Delaware, California, etc.

The court held in the case of Bruer v. Woodworth, D.C., 22 F.2d 577, 578, before the amendment to the State Narcotic Act, that osteopaths should not be denied registration under the United States Harrison Narcotic Act when they were refused registration under like conditions to the complainants herein. The court, after reviewing the facts, stated in part as follows: "Hence it seems to me that, when an applicant for registration has met all the reasonable requirements of the law intended to insure collection of the tax, to say that the Commissioner, or his agent, the collector, can arbitrarily refuse that right, is to hold that the instrumentality for administering the statute is more powerful than its creator (Congress), and, if a citizen is without remedy in such circumstances, the government becomes one by men, and not of laws. In my opinion, no such condition exists or was intended. Being a matter concerning the revenue, I think this court undoubtedly has jurisdiction, even though the sole relief is an original writ of mandamus to compel performance of a legal duty".

It would appear that the applicants for re-registration under the United States Harrison Narcotic Act have met all the reasonable requirements of the law intended to insure collection of the tax. An

opinion by the Attorney General, though entitled to great weight, is not controlling. He cannot by an opinion designate what kind of narcotics a chiropodist can use locally when the act does not so limit the practice.

As to the question of the right of this court to issue mandamus, I feel that none will be necessary.

Conclusion.

My conclusion is that the complainants are entitled to relief and that the supervisor of narcotics, defendant Oyler, should recommend to Giles Kavanagh, defendant, that he re-register complainants so as to authorize them to dispense narcotic drugs in the practice of their profession according to law as interpreted herewith.

A decree in accordance with these views may be presented.